UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRINITY TVEDT,

                Plaintiff,

    v.

JOHN DOE, *et al.*,

               Defendants.

CASE NO. 3:25-cv-05561-RAJ-GJL

REPORT AND RECOMMENDATION

Noting Date: October 7, 2025

       The District Court has referred this civil rights action pursuant to 42 U.S.C. § 1983 to United States Magistrate Judge Grady J. Leupold. Plaintiff Trinity Tvedt, proceeding *pro se*, filed a proposed § 1983 Complaint on June 25, 2025. Dkt. 1. Plaintiff did not pay the filing fee or submit an Application to Proceed *In Forma Pauperis* ("IFP"). *See* Dkt. 1. On June 26, 2025, the Clerk of Court sent Plaintiff a letter notifying Plaintiff that he had failed to meet the filing fee requirement. Dkt. 2. The Clerk of Court instructed Plaintiff to submit the $405.00 filing fee or an IFP Application with a prison trust account statement. *Id*. Finally, the Clerk of Court warned Plaintiff that if he did not respond to the letter by July 28, 2025, the action may be subject to dismissal. *Id*.

Plaintiff did not respond to the Clerk of Court's letter. *See* Dkt. As a result, on August 7, 2025, the Court entered an Order informing Plaintiff that if he intends to proceed in this action, by September 5, 2025, he must either file a complete IFP Application with a certified copy of his prison trust account statement; show cause why he cannot file a complete IFP Application by that date; or, pay the $405.00 filing fee. Dkt. 3. The Court warned Plaintiff that if he failed to accomplish one of those requirements by the stated deadline, the Court will recommend this action be dismissed for failure to prosecute and failure to comply with a Court Order. *Id*.

To date, Plaintiff has not responded to the Clerk of Court's letter (Dkt. 2), the Court's Order (Dkt. 3), and has not paid the filing fee or filed an IFP Application. As Plaintiff has failed to prosecute this case, the Court **RECOMMENDS** this case be **DISMISSED without prejudice**. Further, as Plaintiff has not prosecuted this case, the Court finds an appeal would not be taken in good faith.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 7, 2025**, as noted in the caption.

Dated this 22nd day of September, 2025.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2